**UNITED STATES of America,**

v.

**Marcus Jermaine SMITH, Defendant.**

**Case No. 4:07cr3–RH/WCS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

May 9, 2008.

Winifred Acosta Nesmith, U.S. Attorney, Tallahassee, FL, for United States of America.

### ORDER ON TRANSCRIPTION OF EXHIBIT

ROBERT L. HINKLE, Chief Judge.

At the defendant's sentencing hearing, the government offered and I admitted Government's Exhibit 7, an audio recording of a law enforcement officer's interview of the defendant nearly a year earlier. Most of the exhibit was played aloud during the sentencing hearing. The court reporter did not transcribe the portion of the recording that was played. Instead, at the point the transcript reads: "Government's Exhibit 7 published from 1:08 p.m. to 1:16 p.m." (Document 42 at 6.)

The defendant has moved for an order "that Government's Exhibit 7 be transcribed and that such transcription be made part of the record on appeal." Defendant argues that a transcript is needed so that his attorney can review the transcript and, if necessary, cite it on appeal.

The record on appeal already includes all exhibits admitted into evidence, including Government's Exhibit 7. This exhibit, like all others, is therefore readily available to the attorneys and to the appellate court. And the entire exhibit—not just the part that was actually played aloud during the hearing—is in evidence. Every part of the exhibit is equally part of the record, entitled to the same consideration. Transcribing the part of the exhibit that was played aloud is not necessary.

To be sure, there are dicta suggesting that the court reporter must transcribe any recording played during a trial. *See, e.g., United States v. Garza,* 236 Fed.Appx. 468, 473 (11th Cir.2006) (unpublished); *United States v. Charles,* 313 F.3d 1278, 1282 (11th Cir.2002). Other authority casts doubt on this proposition. *See, e.g., United States v. Morales–Madera,* 352 F.3d 1, 6 (1st Cir.2003) ("The conversations on the wiretap tapes are not testimony from witnesses before the court that must be recorded in a verbatim transcript."); *United States v. Craig,* 573 F.2d 455, 480 (7th Cir.1977). No court, so far as I am aware, has ever held the failure to transcribe an audiotape to constitute reversible error or otherwise call for relief.

Anyone who has listened to many audiotapes in actual trials well knows that mak-

ing a complete and accurate transcript often would be impossible. Many tapes are of poor quality. They are made in imperfect circumstances, such as by a confidential informant or undercover officer using mediocre equipment in a difficult environment, or by an officer's lapel microphone during a traffic stop alongside a busy highway. Voices overlap. Few defendants or other participants would win public speaking or diction awards. Our court reporters are good, but they are not good enough to make a full and accurate transcript of every audiotape based on a single playing. It just cannot be done.

Moreover, in any case in which the precise words on an audiotape really make a difference, a transcript (as complete and accurate as feasible) is usually admitted as an exhibit along with the tape, rendering especially unnecessary any requirement that the court reporter make an additional transcript during trial. A transcript made in advance can be more accurate, because the tape can be played and replayed as necessary.

If court reporters attempted to transcribe all audiotapes as they were played in court, three things would be true. First, there would be frequent and often inconsequential squabbles over the accuracy of the transcripts, needlessly wasting judicial and attorney resources. Second, court reporter fees—often paid from limited Criminal Justice Act resources—would go up, though probably not enough to compensate the reporters for the undesirable work they would have to perform. And third, the quality of justice on appeal would be affected not a whit.

So the better view is that when an audiotape is admitted into evidence and is played aloud during a proceeding, the court reporter need not transcribe the tape. The court reporter may instead simply note in the record that the exhibit was published, precisely as occurred here. And this is, of course, precisely what happens when a documentary exhibit is published by being shown to the jurors (or judge); the transcript does not include another copy of the words in the exhibit.

That an audiotape need not be transcribed by the court reporter does not mean, of course, that the court reporter cannot make a transcript if requested. If the defendant wishes to have Government's Exhibit 7 transcribed, he may submit an appropriate Criminal Justice Act transcription form to the court reporter. I will approve the transcription, and the record on appeal can be supplemented. It seems more than a little unlikely, however, that this will affect the deliberations or decision on appeal.

For these reasons,

IT IS ORDERED:

The defendant's motion (documents 45) to transcribe Government's Exhibit 7 is DENIED without prejudice to the submission of an appropriate Criminal Justice Act transcription form. If the request for transcription is renewed by submission of a transcription form, the request will be granted.